IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 5 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-03172-BNB

TERENCE J. HANKINS,

     Plaintiff,

v.

HELEN M. HANKINS, Colo. Director, U.S. Dept. of Interior,
TIM JANTZ, individually and as Sheriff of Moffat County, Colo.,
WALTER VAN ETTA, individually and as Chief of Police, Craig, Colo.,
STACY RAZZANO, Mgr. Bank of the West,
JOHN V. CORRA, individually and as Director, Wyoming State Dept. Of Environmental
    Quality,
ARISTEDES ZAVARAS, Director, Colorado Dept. of Corrections, and
ELIZABETH OLDMAN, District Attorney, 14th Judicial District, Colo, and
AXIS STEEL, INC,
Each Individually and Acting for Employer Entity but Acting Outside Duties of the
Position.

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

     Plaintiff, Terence J. Hankins, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) and is currently incarcerated at the Sterling

Correctional Facility in Sterling, Colorado.  Mr. Hankins initiated this action on

December 30, 2010, by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C.

§ 1983.  He filed an Amended Complaint on February 24, 2011, and was granted leave

to proceed *in forma pauperis* with payment of an initial partial filing fee by order dated

March 8, 2011.

In the Amended Complaint, Mr. Hankins asserts three claims.  In his first claim, he asserts that multiple violations of his civil rights occurred during the course of his criminal prosecution for first degree murder in the state courts.  He alleges, *inter alia*, that his right to be free from self-incrimination was violated when he was threatened with a long prison sentence; that he was not properly provided with a *Miranda* warning; that his right to a fair and speedy trial was violated; and that he did not receive a fair trial due to improper venue.  Amended Complaint at 4.  In his second claim, he asserts that the Bureau of Land Management (BLM) has removed valuable mining equipment from a mining claim owned by Mr. Hankins.  *Id.* at 5.  In his third claim, which is very unclear, Mr. Hankins appears to assert a violation of the "Wyoming Environmental Quality Act." *Id.* at 6.  As relief, Mr. Hankins seeks damages and injunctive relief.

The Court must construe the Amended Complaint liberally because Mr. Hankins is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Hankins will be ordered to file a Second Amended Complaint.

As a preliminary matter, Mr. Hankins' handwriting is extremely difficult to read, which makes understanding his allegations generally impossible.  Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  One reason Mr. Hankins' Amended Complaint is difficult to read is because it is single-spaced.  Therefore, Mr. Hankins is directed to  double-space and legibly write the Second

2

Amended Complaint.

Further, the Court finds that the Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Hankins is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hankins fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Hankins' claims are vague and confusing. In his Amended Complaint, Mr. Hankins sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a

3

responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Mr. Hankins will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. Mr. Hankins is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and allows the defendants to respond to those claims.

Moreover, with respect to Mr. Hankins' allegations of violations of his civil rights that occurred during his prosecution and subsequent conviction, his claims for money damages may be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Mr. Hankins does not allege that he has invalidated his sentence. Therefore, the claim for damages challenging the validity of his criminal conviction may be barred by *Heck*.

Finally, Mr. Hankins has failed to allege the personal participation of each named Defendant. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

4

participation, Mr. Hankins must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant, such as Executive Director Aristedes Zavaras, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Hankins further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant' s action harmed him [ ]; and, what specific legal right [Mr. Hankins] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Hankins file **within thirty days from the date of this Order** a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hankins, together with a copy of this Order, two copies of the Court-approved form used for filing a *pro se* Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Hankins fails within the time allowed to file a Second Amended Complaint, as directed, the action will be dismissed without further notice.

5

DATED April 5, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03172-BNB

Terence J Hankins
Prisoner No.  147323
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 5, 2011.

GREGORY C. LANGHAM, CLERK

By:_____

Deputy Clerk