FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 13 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03172-BNB

TERENCE J. HANKINS,

    Plaintiff,

v.

JOHN V. CORRA, Director, State of Wyoming, Dept. Of Environmental Quality,
HELEN M. HANKINS, Colo. Director, U.S. Dept. of Interior (BLM),
TIM JANTZ, individually and as Sheriff of Moffat County, Colo.,
WALTER VAN ETTA, individually and as Chief of Police, Craig, Colo.,
STACY RAZZANO, Manager, Bank of the West, Craig, Co.,
ELIZABETH OLDMAN, District Attorney, 14th Judicial District, Colo, and
AXIS STEEL, INC, Craig, Colo.,
Each Individually and Acting for Employer but Outside Duties, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Terence J. Hankins, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Hankins initiated this action on December 30, 2010, by filing a *pro se* prisoner complaint pursuant to 42 U.S.C. § 1983. He filed an amended complaint on February 24, 2011, and was granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee by order dated March 8, 2011.

On April 5, 2011, Magistrate Judge Boyd N. Boland determined that the amended complaint was deficient because it failed to comply with Fed. R. Civ. P. 8 and also failed to allege the personal participation of all named Defendants. Therefore,

Magistrate Judge Boland ordered Mr. Hankins to file a second amended complaint, which he submitted on April 20, 2011. For the reasons set forth below, the second amended complaint will be dismissed.

The Court must construe the second amended complaint liberally because Mr. Hankins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

The Court has reviewed the 26-page second amended complaint Mr. Hankins filed on April 20, 2011, and finds that the pleading again fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland previously informed Mr. Hankins, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

As a preliminary matter, it is not clear how many defendants and claims Mr. Hankins intends to include in the second amended complaint. Mr. Hankins names seven defendants in the caption; in the "Parties" section, however, Mr. Hankins lists twelve additional individuals not named in the caption of the complaint, and includes claims and allegations against those individuals that do not appear the body of the second amended complaint. For instance, in this section, Mr. Hankins writes: "I-1 Behendson, Officer, Sterling Correctional Facility, Reason included: unlawful search of Hankins cell 103 in LU 3-B very obviously targeted to confiscation and examination of legal documents only, June 24, 2010, Grievance filed for violation of USC(I) Freedom of Speech. Compensation of $10,000 requested." Second Amended Complaint at 2. This manner of organization makes it impossible for the Court to untangle the morass of allegations and claims asserted by Mr. Hankins.

Further, the body of the second amended complaint is extremely difficult to decipher. Mr. Hankins asserts claims for "Anti-Mining Conspiracy to Theft by Over-Regulation," "Conspiracy to Theft by Over-Regulation and Fraud . . . Civil Damages for False Incarceration and Actual Losses," "Theft of Mining Rights by Over-Regulation at

3

FH Mine," "Takings without Compensation," and "Habeas Corpus Claims Seeking Relief." However, instead of presenting a short and plain statement of his claims showing that he is entitled to relief, Mr. Hankins has presented a jumbled and rambling narrative wherein he challenges his arrest and subsequent conviction for first-degree murder of his wife, discusses his extensive background as a mining engineer from 1950 to the present, and alleges that a "fluid group of radical environmental enthusiasts agreed together to commit criminal acts, if necessary to seriously harm plaintiff financially and emotionally . . . ." Second Amended Complaint at 9. Moreover, in the middle of his second amended complaint Mr. Hankins has included seven pages of charts and drawings, which assert many different confusing and unrelated allegations against persons not parties to this action. For instance, Mr. Hankins alleges that from February 2006 to June 4, 2007, he was subject to "physical, verbal, sex, financial abuse of Terry Hankins by Cynthia." *Id.* at 13. In the next section of the chart, Mr. Hankins asserts that he was subjected to "Interrogation without Lawyer (no probable cause)" on July 6 at 2pm. *Id.* at 14.

Mr. Hankins fails to understand that it is his responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Hankins has failed to present his claims in such a format because he has failed to state his claims in a clear, succinct, and factual manner. Mr. Hankins's second amended complaint fails to comply with Rule 8 because it does not a present "short and plain statement" of his claims showing that Mr. Hankins is entitled to relief.

The second amended complaint suffers from additional deficiencies. Mr. Hankins presents numerous claims related to the alleged invalidity of his criminal conviction and the investigation leading up to the conviction. Mr. Hankins was previously informed by Magistrate Judge Boland that any claims for money damages which challenge his criminal conviction are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Mr. Hankins does not allege that he has invalidated his sentence. Therefore, any claims for damages challenging the validity of his criminal conviction are barred by *Heck*.

Mr. Hankins also appears to assert claims against District Attorney Elizabeth Oldman based on her involvement with his criminal prosecution in the Moffat County District Court. However, a prosecutor acting within the scope of her duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Prosecutors are provided absolute immunity because exposing them to § 1983 lawsuits springing from their official activities "would divert '[their] energy and attention . . . from the pressing duty of enforcing the criminal law.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (quoting *Imbler*, 424 U.S. at 430-31)). Nonetheless, prosecutorial immunity does not generally extend to "those aspects of the prosecutor's responsibility that cast [her] in the role of an administrator or investigative officer rather

5

than that of advocate." *Imbler*, 424 U.S. at 430-31. In addition, "'[a]bsolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'" *Grant*, 870 F.2d at 1138 (citation omitted).

Here, Mr. Hankins' allegations against Defendant Oldman involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). With respect to the prosecutorial activities in which Defendant Oldman was involved in Mr. Hankins' criminal case out of Moffat County court, she enjoys immunity from suit under § 1983. *See Imbler*, 424 U.S. at 420-24. A claim against a defendant who clearly is immune from suit is legally frivolous. *Neitzke*, 490 U.S. at 327.

In spite of these additional deficiencies, the Court will dismiss the action pursuant to Rule 8 of the Federal Rules of Civil Procedure. A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Rule 8 and must be dismissed. Accordingly, it is

ORDERED that the second amended complaint and action are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __13th__ day of ____May____, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03172-BNB

Terence J Hankins
Prisoner No. 147323
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

  I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 13, 2011.

              GREGORY C. LANGHAM, CLERK

              By: _____
                  Deputy Clerk